UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFF PERRY, et al.,

    Plaintiffs,

v.                                                                            Case No.: 8:08-cv-491-T-33AEP

M/I HOMES, INC.,

    Defendant.
_____/

## **ORDER**

This matter is before the Court pursuant to the parties' filing of the Joint Motion for Court Approval of Class Certification and Confidential Settlement Agreement (Doc. 75). In conjunction with the motion, the parties filed a copy of their confidential Settlement Agreement for in camera inspection. The Court has referred the motion to the Magistrate Judge for a report and recommendation (Doc. 76). However, the Court addresses the parties filing of the Settlement Agreement in camera separately. For the reasons that follow, the Court will not permit the parties to file the Settlement Agreement in camera.

**Analysis**

In this case, Plaintiffs have alleged that Defendant violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement and filed the Settlement Agreement in camera in an effort to protect its specifics from public review.

Upon review of the motion and of the entire file, the Court determines that the parties

have not demonstrated good cause to support the Settlement Agreement being kept confidential. As explained by the Eleventh Circuit in Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents. This right of access is not absolute, however. The right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." Id.

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal [context]." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." Id.

The document at issue, a settlement agreement filed in an FLSA case, does not fall

into one of the categories, such as discovery materials, that are generally shielded from public exposure. The parties make no real argument in favor of denying the public access to the Settlement Agreement. Thus, there is no suggestion, much less a showing, that either party could suffer any harm if the public were to have access to the terms of the settlement. This is simply not a case where it is necessary or appropriate to file the settlement documents in camera, and the parties have not shown good cause to override the common law and First Amendment rights of the public to review court documents.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that:

The parties are directed to file the Settlement Agreement on CM/ECF within **FIVE** days of the date of this Order, if they would like this case proceed to settlement before this Court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of December 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record