UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFF PERRY, ET AL.,

    Plaintiffs,
v.                            Case No. 8:08-cv-491-T-33AEP

M/I HOMES, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court upon consideration of the report and recommendation of the Honorable Anthony E. Porcelli, United States Magistrate Judge (Doc. # 89), which was filed on February 12, 2010, recommending that the Court grant the parties' Joint Motion for Court Approval of Class Certification and Confidential Settlement Agreement, subject to modification of the agreement. (Doc. # 75).

On February 23, 2010, Plaintiff filed objections to the report and recommendation (Doc. # 91), and Defendant filed its objections to the report and recommendation on February 25, 2010 (Doc. # 95). For the reasons that follow, the Court will adopt the report and recommendation in part.

**I.  Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept,

reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. <u>See Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

## II. <u>The Report and Recommendation</u>

The report and recommendation correctly describes the factual background and procedural history of this case, and the Court hereby adopts and incorporates by reference that discussion here. In essence, the parties seek (1) conditional class certification in this Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA) case and (2) an order approving a confidential settlement of the case.

In the report and recommendation, Judge Porcelli recommends conditional certification of the class of "all

salaried 'Construction Superintendents' a/k/a 'Production Supervisors' employed by Defendant nationwide over the last three years." (Doc. # 89 at 3-4).

As to the requested confidential FLSA settlement, Judge Procelli noted that he reviewed the redacted settlement and held a hearing on February 5, 2010, in which the parties orally advised him of the financial terms thereof. Being apprised of these terms, Judge Porcelli: (1) "finds that the Parties have negotiated at arm's length and that the terms are a fair and reasonable resolution of a bona fide dispute (Doc. # 89 at 5); (2) "finds that the release language [in the settlement agreement] is acceptable and warrants approval" (Doc. # 89 at 6); (3) "recommends approval and distribution of the Class Notice" with minor changes (Doc. # 89 at 7); (4) "recommends that the attorneys' fees [31.5 percent of the common fund] be preliminarily approved" (Doc. # 89 at 8); and (5) recommends that the Joint Motion for Court Approval of Class Certification and Confidential Settlement Agreement (Doc. # 75) be granted as long as the parties make three revisions to the settlement agreement (Doc. # 89 at 9).

## III. Discussion

As noted above, the Court agrees with the factual and procedural discussion set forth in the report and

recommendation.  However, the Court is not inclined to adopt the report and recommendation to the extent that it recommends approval of a confidential settlement agreement.  Aptly stated by the court in <u>Dees v. Hydradry</u>, 8-09-cv-1405-T-23TBM, 2010 U.S. Dist. LEXIS 40900, at * 37 (M.D. Fla. April 19, 2010): "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."

Rather than adopting the report and recommendation, the Court gives the parties the following three options for the resolution of this case:

(1) The Court can review and, potentially, approve the settlement agreement but such agreement will be filed publically, without redaction and will not be a "confidential" settlement;

(2) The parties can try this case during the Court's December 2010 trial term with a pretrial conference on November 16, 2010, at 9:00 a.m.; or

(3) The parties can dismiss this case without further Court intervention upon such terms as the parties agree upon pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

The parties shall advise the Court, in writing, within ten days of the date of this order, of their election between the aforementioned three options. In the instance that the parties fail to advise the Court of their election in a timely fashion, the Court will vacate the settlement agreement and set this case for a jury trial during the Court's December 2010 trial term.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation of the Honorable Anthony E. Porcelli, United States Magistrate Judge (Doc. # 89) is adopted in part but modified as specified above.

(2) The parties shall advise the Court as to how they would like to proceed, consistent with the foregoing analysis.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of May 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record